UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANN A. LEE | CIVIL ACTION |
| VERSUS | No. 11-570 |
| JAZZ CASINO CO., LLC d/b/a/<br>HARRAH'S NEW ORLEANS CASINO | SECTION: C (3) |

## ORDER AND REASONS

This matter comes to the Court on the motion in limine of defendant Jazz Casino Company, LLC d/b/a Harrah's New Orleans Casino ("Harrah's"). Rec. Doc. 117. The plaintiff, Ann Lee, opposes. Rec. Doc. 126. This matter is set for trial on December 9, 2013. Having considered the record, the law, and the memoranda of counsel, the Court hereby GRANTS the defendant's motion for the reasons that follow.

I.   **Background**

The plaintiff brought this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101, *et seq*. Plaintiff alleges that she was employed by the defendant as a table games supervisor when she began to suffer from neck and back pain. Rec. Doc. 3 ¶ 32. Plaintiff alleges that the defendant, as her employer, discriminated against her by failing to reasonably accommodate her disabling condition, diagnosed in June 2010 as fibromyalgia. *Id.* Plaintiff's requested accommodation was to be reassigned to the lone table at Harrah's where a supervisor could be continuously seated. *Id.* ¶ 37. After an alleged series of unsuccessful attempts to bring

1

an end to her standing assignments, plaintiff began a leave of absence on August 16, 2010. *Id.* ¶¶ 38-44. Plaintiff was administratively terminated by defendant on November 30, 2011. *Id.* ¶¶ 78-79.

In the instant motion, the defendant seeks to bar the plaintiff from introducing evidence related to her entitlement to front pay and back pay, the defendant's alleged aggravation of her fibromyalgia, or the plaintiff's previously abandoned or dismissed claims of retaliation and harassment at the hands of her supervisors at Harrah's.

**II.     Analysis**

A.     Back Pay

The defendant argues that plaintiff is not entitled to any back pay for the period of time before August 16, 2010 because she was fully compensated throughout that time. Rec. Doc. 117-1 at 1-2. Plaintiff concedes this argument. Rec. Doc. 126 at 1. In addition, back pay is not a remedy available to the plaintiff under the ADA. 42 U.S.C. § 1981a(b)(2). Thus, the parties will be instructed to appropriately narrow the evidence and testimony at trial.

B.     Front Pay and Aggravation of Fibromyalgia

The defendant argues that plaintiff is not entitled to front pay or future lost wages because she filed for and received Social Security Disability Insurance (SSDI) for the period beginning August 16, 2010. Rec. Doc. 117-1 at 2-3. Citing a number of cases, defendant argues that disability, rather than employment discrimination, has caused plaintiff's lost wages. *See Watkins v. Texas CES, Inc.*, 08-243, 2009 WL 3424736 at *8 & n.15 (N.D. Tex. Oct. 26, 2009);

*Stephenson v. Nokia Inc.*, 06-2204, 2008 WL 2669492 at *8 n.8 (N.D. Tex. May 1, 2008); *Rudisell v. S.H.R.M. Catering Servs., Inc.*, 92-3212, 1994 WL 50248 at *3 (E.D. La. Feb. 11, 1994); *Alexander v. Frank*, 777 F. Supp. 516, 524 (N.D. Tex. 1991).

This argument is very close to the judicial estoppel argument raised in defendant's motion for summary judgment. Rec. Doc. 53 at 8. Whereas the binding allegations of a successful SSDI application will preclude a plaintiff's ADA claim when they prevent her from showing an ability to perform the essential functions of her job, with or without a reasonable accommodation, *see Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 807, 119 S. Ct. 1597, 1604, 143 L. Ed. 2d 966 (1999), SSDI benefits will defeat causation when they prevent the plaintiff from showing that "but for" the defendant's discrimination, the plaintiff would be employed. *Rudisell*, 92-3212, 1994 WL 50248 at *3.

When estoppel was raised in the defendant's motion for summary judgment, the Court found that the issue of plaintiff's ability to perform the essential functions of the supervisor position after August 16, 2010 could be presented to the jury. Rec. Doc. 105 at 14. This was because, contrary to the defendant's argument, the plaintiff had not applied for SSDI claiming a total inability to perform the essential functions of a table games supervisor. Rather, she claimed an inability to perform the standing and movement associated with the table games supervisor position *<u>as she had been performing it</u>*. *See* Rec. Doc. 70-6 at 5-6; Rec. Doc. 105 at 14. The plaintiff's ADA claim necessarily entails an argument that the standing and movement she had been unable to perform were not essential functions of the table games supervisor position. Most importantly, because the ALJ found that the plaintiff's medically determinable impairment "met

3

or equaled" one of the listed severe impairments, the ALJ found the plaintiff <u>presumptively disabled</u> without considering her "residual functioning capacity," i.e., her ability to perform other kinds of work in the national economy. Rec. Doc. 70-7 at 93. In *Cleveland*, the Supreme Court suggested that this exact circumstance would render estoppel misplaced. 526 U.S. at 804, 119 S. Ct. at 1602-03.

These findings and conclusions were warranted based on the record presented at summary judgment. Similar findings might have allowed the plaintiff to overcome the defendant's causation argument raised in the current motion. *See id.*, 119 S. Ct. at 1603 ("an individual might qualify for SSDI under the SSA's administrative rules and yet, due to special individual circumstances, remain capable of 'perform[ing] the essential functions' of her job."). However, the plaintiff has clarified unequivocally in the pretrial order and her opposition to the motion in limine that she was <u>totally unable to perform any work at all</u>, including the work of a seated box person, after August 16, 2010. *Compare* Rec. Doc. 126 at 2 ("Here, plaintiff represented that she was qualified while repeatedly asking for accommodations until August 16, 2010 (when she alleges defendant caused her disability), but became disabled thereafter (because of defendant's failure to accommodate her).") *and* Rec. Doc. 115 at 7 ("[Plaintiff] has not been able to work since despite numerous medications and injections in her knees, and epidural injections in her cervical and lumbar spine. . . .This failure was caused by the aggravation of her fibromyalgia, diagnosed in June 2010."), *with* Rec. Doc. 3 ¶ 81 ("Since August 16, [plaintiff] has been disabled from work at least at Harrah's, if not from all work, because of work related medical conditions including depression, anxiety attacks, and fibromyalgia"). The contents of the

plaintiff's SSDI application and the findings necessary for the ALJ's disability determination are irrelevant, in light of the plaintiff's straightforward admission that she could not perform any compensable labor after August 16.

Although the plaintiff admits she was unable to work, she maintains that she is entitled to future economic damages beginning on that date because the defendant's failure to provide her a reasonable accommodation factually and proximately caused her total disability by aggravating her fibromyalgia. Rec. Doc. 126 at 2-3. The defendant argues that this claim was not properly pleaded by Lee; that it is not cognizable under the ADA; and that even if it were cognizable, it has not been properly supported by expert testimony. Rec. Doc. 117-1 at 3-8.

Review of the first amended complaint confirms that the defendant's first argument has merit. "Under the Federal Rules of Civil Procedure, a pleading, or pretrial order, need not specify in exact detail every possible theory of recovery—it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thrift v. Estate of Hubbard*, 44 F.3d 348, 356 (5th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). Where a pleading is concerned, the main question is whether the complaint alleges facts upon which relief can be granted, even if it does not categorize the legal theory giving rise to the claim. *See Homoki v. Conversion Servs., Inc*., 717 F.3d 388, 404 (5th Cir. 2013); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981).

The plaintiff's first amended complaint alleges that the defendant caused her fibromyalgia by giving her an unfair performance evaluation. Rec. Doc. 3 ¶ 32. Later on, it

alleges that the plaintiff's pain became so great that she could not continue to work, at least at Harrah's but possibly at all. *Id.* ¶¶ 80-81. Nowhere does it expressly state that the defendant's failure to reasonably accommodate her physical disabilities made them worse. While the plaintiff described her fibromyalgia as "work related," *id.* ¶ 81, the only relationship to work specifically alleged is the claim in paragraph 32 that defendant's performance evaluation caused the plaintiff's fibromyalgia. It would have been most logical to conclude that "work related" referred to the performance evaluation.

Moreover, the plaintiff's recitation of discovery does not establish that the defendant had actual notice of her aggravation allegations. In the deposition testimony referred to in the plaintiff's opposition to the motion in limine, defense counsel only questions plaintiff's treating physician about whether employment could cause - as in lead to the onset of - fibromyalgia. Rec. Doc.126 at 4. This would have been consistent with an attempt to test the validity of the allegation made in paragraph 32 of the complaint. Plaintiff's counsel asked about whether employment related stressors could "aggravate" the condition. *Id.* at 5. Posing questions during a deposition does not satisfy Rule 8(a)'s notice requirement. Similarly, the fact that plaintiff's treating physician noted that work was aggravating plaintiff's condition did not provide the defendant with meaningful notice of a damages claim in this proceeding.

As noted above, it was possible to construe the allegations of the plaintiff's complaint in two different ways that would in theory entitle her to recover lost future wages. The first was that, as of August 16, 2010, the plaintiff lacked the ability to perform the nonessential functions of a table games supervisor but retained the ability to perform the essential functions and was

forced to take an indefinite leave of absence by the defendant's unwillingness to compromise on the nonessential functions.[1] The second interpretation was that, after August 16, 2010, the plaintiff's failure to accommodate aggravated the plaintiff's fibromyalgia sufficiently to render her unable to perform even the essential functions of the job. Given the absence of an express allegation that defendant aggravated her fibromyalgia, the defendant was entitled to rely on the plaintiff proceeding under the first theory. It would be unfair to require the defendant to defend against the second theory after it conducted discovery under the first. Therefore, the defendant's motion in limine must be granted as to plaintiff's claim for future lost wages and her recent allegation that the defendant aggravated her fibromyalgia through its failure to provide her a reasonable accommodation.[2]

### C. Retaliation and Harassment Claims

The defendant finally argues that the plaintiff should be barred from presenting evidence regarding claims of retaliation or harassment because those claims were abandoned or dismissed. Rec. Doc. 117-1 at 8. The plaintiff does not oppose, as long as the defendant also refrains from discussing retaliation or harassment with their witnesses. Rec. Doc. 126 at 9. The Court will grant the defendant's motion in this regard, instructing both parties and their witnesses not to discuss the plaintiff's allegations of retaliation or harassment or any conduct or circumstances by

---

[1] This was how the Court interpreted the pleadings when it ruled on the defendant's motion for summary judgment.

[2] Because the Court concludes that the plaintiff failed to properly notice this theory of recovery, it need not address defendant's argument that it is not cognizable under the ADA or provable without expert testimony.

plaintiff that allegedly triggered or justified the alleged retaliation or harassment.

Accordingly, IT IS ORDERED THAT defendant's Motion in Limine is GRANTED. Rec. Doc. 117.

New Orleans, Louisiana, this 3rd day of December, 2013.

HELEN G. BERRIGAN  
UNITED STATES DISTRICT JUDGE