UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANN A. LEE                                                          CIVIL ACTION

VERSUS                                                              No. 11-570

JAZZ CASINO CO., LLC d/b/a                                          SECTION: C (3)
HARRAH'S NEW ORLEANS CASINO

## ORDER AND REASONS

Before the Court is the plaintiff's Motion to Continue Trial, Alternatively for Reconsideration, Alternatively for Immediate Conference. Rec. Doc. 144. In it, the plaintiff argues that the trial should be continued or that final judgment on the plaintiff's ADA claim should be entered because the Court has ruled out any possible damages claim with its Order on the defendant's motion in limine. Rec. Doc. 144-1 at 1-2. This appraisal of the record is incorrect.

In its Order, the Court ruled out recovery for damages allegedly suffered as a result of the defendant's alleged aggravation of the plaintiff's fibromyalgia. Rec. Doc. 143 at 7. This had the effect of preventing the plaintiff from recovering any future lost wages. *Id.* However, as the plaintiff admits in the instant motion, she is also seeking emotional distress damages, physical pain and suffering damages, and punitive damages. Rec. Doc. 144-1 at 2-3. The Court's Order on the motion in limine did not foreclose any of these avenues of recovery. In particular, although the plaintiff is barred from claiming that the defendant made her fibromyalgia worse as

1

a matter of medicine or science, she may still claim that she suffered physical pain and suffering as a result of the defendant's alleged failure to provide a reasonable accommodation. No continuance is warranted under these circumstances. Moreover, such continuance would likely be an unwelcome burden to the defendant who is currently ready for trial.

The plaintiff also fails to show that justice requires granting him the requested leave to amend his complaint in light of the Court's Order on the defendant's motion in limine. *See* Fed. R. Civ. P. 15.  When leave to amend is untimely requested, courts must consider "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Plaintiff points to no mitigating explanation for his failure to amend the complaint. Whether the amendment could salvage her ability to claim for damages under the proposed "aggravation of fibromyalgia" theory is uncertain. The soundness of this theory is only doubtful, and the statute of limitations has already passed in this case, meaning that the proposed amendment would have to relate back to the original complaint. A continuance would delay the trial to the prejudice of the defendant who is prepared.

Therefore, neither a continuance, nor leave to amend, nor entry of final judgment may be granted in this case.[1] The Court sees no need for the requested teleconference.

---

[1] The plaintiff also claims that the Court erred by ruling that the plaintiff was not entitled to back pay. Rec. Doc. 144-1 at 2 & n.4. The Court notes that the plaintiff conceded this lack of entitlement in her opposition to the motion in limine, Rec. Doc. 126 at 1, and clarifies that although back pay is a remedy available under the ADA, it does not appear available to the plaintiff under the circumstances of this case. As the defendant argued, the plaintiff has not

Accordingly,

IT IS ORDERED that plaintiff's Motion to Continue Trial, Alternatively for Reconsideration, Alternatively for Immediate Conference is DENIED. Rec. Doc. 144.

New Orleans, Louisiana, this 4th day of December, 2013.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE

---

alleged that she was unpaid during the period that so-called "back pay" was claimed - some time before August 16, 2010 until August 16, 2010.