UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANN LEE                                           CIVIL ACTION

VERSUS                                            NO. 11-570

JAZZ CASINO CO., LLC d/b/a                        SECTION: C (3)
HARRAH'S NEW ORLEANS CASINO

## ORDER AND REASONS

Before the Court are the plaintiff's objections to the defendant's designations of portions of Noble Scott's deposition on January 25, 2013. Rec. Doc. 134. Plaintiff has also designated her own excerpts from the same deposition, to which the defendant has specified no objection. *See* Rec. Docs. 133. Considering the law, the objections, and the record, IT IS ORDERED that:

1. For the sake of efficiency and to avoid potential confusion, the portions of the transcript that parties have designated and the Court deems admissible shall be read to the jury all at once in the order in which they appear in the transcript, without reference to the offering party. The parties shall designate a single reader to read the approved transcript to the jury, and designate a time, either at the close of the plaintiff's case or the defense case, to have the transcript read to the jury. The parties will advise the Court as to their designation of reader and time on the morning of December 9, 2013. If the parties cannot agree, the Court will designate the reader and time of reading.

2. Plaintiff's objection to the relevance of 32:6-32:20 and 32:25-33:6 is

        OVERRULED. Mr. Scott worked as a table games supervisor, just like the plaintiff. His duties in that position are relevant to establishing the essential functions of the position.

3. Plaintiff's objection to the incompleteness of 39:18-39:24, 58:25-59:11, 59:19-60:10, 68:22-69:3, 118:20-119:5, 123:8-123:18, 130:24-131:1, 156:23-157:11, and 157:18-158:25 is SUSTAINED. The plaintiff's proposed additions to those portions of the transcript (*see* Rec. Doc. 134) shall be added to the final transcript of designations to be read to the jury. Objections and colloquy of counsel made in the portions of the transcript that the plaintiff requests to add shall be deleted from the final transcript submitted by the parties.

4. Plaintiff's objection to the incompleteness of 156:10-156:12 is MOOT in light of the fact that the plaintiff has already designated his proposed addition among his deposition designations. *See* Rec. Doc. 133.

6. Plaintiff's objection to the relevance of 88:1-88:17 is SUSTAINED. Mr. Scott's personal recollection of Harrah's allegation of FMLA abuse against the plaintiff is irrelevant to this proceeding.

7. Plaintiff's objection to the relevance of 84:10-84:18 and 84:24-86:7 is OVERRULED. The plaintiff's relationship to her managers and supervisors at Harrah's is relevant to her motivation to fabricate or exaggerate a claim of discrimination against them. The plaintiff may rebut allegations that she harbored ill will toward her employer without attempting to prove supervisory retaliation as

a matter of law.

8. Plaintiff's objection to 153:1-154:21 is OVERRULED. It is appropriate for one witness to testify that he has no reason to disagree with another who has already testified. Insofar as the witness's testimony is contradicted by his behavior, the plaintiff may bring this out using competent evidence.

9. Plaintiff's objection to the compound nature of the question at 154:18-154:23 is OVERRULED. "Grip" and "grab" are sufficiently near in meaning as used in the question to render it acceptable. The answer given clearly covers both gripping and grabbing.

New Orleans, Louisiana, this 4th day of December, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE