UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANN LEE                                                              CIVIL ACTION

VERSUS                                                               NO. 11-570

JAZZ CASINO CO., LLC d/b/a                                           SECTION: C (5)
HARRAH'S NEW ORLEANS CASINO

## ORDER AND REASONS

IT IS ORDERED that:

1.  Defendant's objection to Exhibit 28 - Notes of Dr. John Wallis, Batestamp Numbers LEE001240-001244 - is OVERRULED. Although plaintiff is barred from claiming that the defendant's conduct had any lasting impact on the plaintiff's fibromyalgia or rendered her permanently unable to work, *see* Rec. Doc. 143, the records do not contain such a statement. Rather, Dr. Wallis's notes say that the plaintiff "is having exacerbation of neck, left shoulder, and lower back pains worsened by continued problems at work, poor sleep, and difficult work schedule." Exh. 28, BS# LEE01240 (emphasis added). The plaintiff may claim, and Dr. Wallis is not forbidden from testifying, that the plaintiff's symptoms were worse when she was working or because of her work assignments.

2.  Plaintiff's objection to Exhibit 32 - medical restrictions of Mr. Vu Nguyen - is OVERRULED. Plaintiff has not established that the excerpt of Mr. Nguyen's

personnel file is misleading standing alone, without the remainder of the file.

3. Defendant's objection to Exhibits 38 and 39 - Table Games Department Supervisor Manual Craps, p. 31 #16, and Harrah's New Orleans Craps Box Supervisor and Floor Supervisor Handbook - is OVERRULED. The defendant objects because these manuals have not been endorsed by any person who had the authority to determine the functions of table games supervisor during the time period of alleged discrimination. Rec. Doc.137 at 1. The author of the manuals, Richard Allmon, is a table games supervisor who stopped working at Harrah's in 2008. *Id.*; Rec. Doc. 140 at 1. The matter of what constitutes an "essential function" of a position is a matter for the jury. *See Barber v. Nabors Drilling U.S.A., Inc.*, 130 F.3d 702, 708 (5th Cir. 1997). "[T]he work experience of past incumbents in the job" is relevant to that determination. *Id.* The plaintiff lists Mr. Allmon as one of his will call witnesses. Rec. Doc. 115 at 15. The manuals drafted by Mr. Allmon may be admitted along with his testimony.[1]

4. Defendant's objections to Exhibits 40, 41, and 44 - medical bills incurred after August 16, 2010, and IRS tax returns from 2007 to 2012 - is SUSTAINED. As stated in the Order on defendant's motion in limine, the plaintiff has not provided proper notice of her claim that the defendant's failure to accommodate made her

---

[1] Both exhibits refer to recommended hand placements for table games supervisors. The Court assumes that this is relevant to the plaintiff's claim that standing, lifting, and bending were not essential functions of the games supervisor position. This evidence will be excluded as irrelevant if this assumption proves untrue.

      condition permanently worse or rendered her unable to work. Rec. Doc. 143. This is fatal to the claims for future lost wages that she seeks to place before the jury. The plaintiff's medical bills for the period after she stopped working for the defendant are irrelevant and cannot be the basis for a jury award.

5. Defendant's objection to Exhibits 42 and 45 - the plaintiff's 2007 performance review and 2008 merits raise - and plaintiff's objection to Exhibit 50 - the plaintiff's 2008 performance review - are OVERRULED. The defendant has raised the plaintiff's bias against her managers at Harrah's to undermine the credibility of her discrimination claim. The defendant may substantiate its claim of bias using evidence of negative evaluations. The plaintiff is entitled to use positive performance indicators to provide the jury with context for her alleged disagreements with Harrah's managers and counteract the defendant's argument.

6. The defendant has specified no basis for its objection to Exhibit 43.

7. Plaintiff's objection to Exhibit 46 - plaintiff's notice of suspension dated January 1, 2010 for suspected FMLA abuse - is OVERRULED. The parties are planning to offer, without objection, exhibits concerning the plaintiff's pre-2010 use of FMLA leave to treat the disability that is at issue in this case. *See* Exhs. 1 & 2. The defendant can use the New Years incident to bridge the narrative gap between the plaintiff's pre-2010 FMLA use and the 2010 requests for accommodation on the basis of the same disability. The plaintiff may give her own explanation of the incident.

8. Plaintiff's objection to Exhibit 47 - plaintiff's Louisiana Technical College employment records - is OVERRULED as follows. The exhibit consists of writings which purport to show that the plaintiff applied for and obtained employment while on FMLA leave with the defendant, contrary to testimony offered at her deposition. Pursuant to Rule 404(a), this evidence cannot be used against the plaintiff except to attack her credibility <u>as a witness</u> under Rule 608. The defendant may use this exhibit to confront the plaintiff during its cross-examination of her, after which point the exhibit may go to the jury and be used by other witnesses.

9. Plaintiff's objection to Exhibit 48 - plaintiff's Social Security Administration Notice of Award letter - is SUSTAINED. The Court has already held that the plaintiff may not recover future lost income in this case. Rec. Doc. 143. Therefore, the plaintiff's SSDI award has no possible bearing on damages. This evidence must be excluded from the defendant's case. Further, the defendant shall refrain from mentioning the plaintiff's SSDI award in any way, unless the plaintiff opens the door to such evidence.

10. Plaintiff's objection to Exhibit 49 - plaintiff's Social Security Administration Application - is OVERRULED. The contentions in the application are relevant to the plaintiff's credibility, to the extent that they are inconsistent with her contentions in this case. The defendant may confront the plaintiff with the exhibit during its cross-examination of her, after which point the exhibit may go to the

       jury and be used by other witnesses.

New Orleans, Louisiana, this 6th day of December, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE